UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **24 Cr. 157 (DLC)** |
| Devone Thomas and Adama Karamoko, | |
| *Defendants.* | |

Upon the application of the United States of America, with the consent of the undersigned

counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court

hereby finds and orders as follows:

## Categories

1. **Disclosure Material.** The Government has made and will make disclosure to the

defendants of documents, objects and information, including electronically stored information

("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the

Government's general obligation to produce exculpatory and impeachment material in criminal

cases, all of which will be referred to herein as "Disclosure Material." The Government's

Disclosure Material may include material that (i) affects the privacy, confidentiality of individuals;

(ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged

individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be

produced with more limited redactions than would otherwise be necessary; and (v) that is not

authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense

of this criminal case.

2023.11.26

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

4. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

## Disclosure and Treatment

5. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used

2

by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

6. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

    a. The defendant;

    b. Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

    c. Prospective witnesses for purposes of defending this action.

7. APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendant, except in the presence of the defendant's counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendant, his counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

8. AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material with any other persons, including the defendant, except for any personnel for whose conduct defense counsel is responsible.

3

## Other Provisions

9.   This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

10. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

11. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

12. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible

4

2023.11.26

or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

13. Disclosure Material may not be shared with any named defendant who has not yet been apprehended in this action or any such defendant's counsel.

## Retention of Jurisdiction

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____
Ryan W. Allison
Assistant United States Attorney

Date: ___March 26, 2024___

_____
Hannah McCrae, Esq.
Counsel for Devone Thomas

Date: 3/28/24

_____
John Diaz, Esq.
Counsel for Adama Karamoko

Date: _____

SO ORDERED:

Dated: New York, New York
        March 28, 2024

_____
THE HONORABLE DENISE L. COTE
UNITED STATES DISTRICT JUDGE

5

2023.11.26

or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

13. Disclosure Material may not be shared with any named defendant who has not yet been apprehended in this action or any such defendant's counsel.

## Retention of Jurisdiction

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date: _____March 26, 2024_____

Ryan W. Allison
Assistant United States Attorney


_____          Date: _____
Hannah McCrae, Esq.
Counsel for Devone Thomas

_____          Date: _3/28/24_____
John Diaz, Esq.
Counsel for Adama Karamoko

SO ORDERED:

Dated: New York, New York
_____ _____, 2024


_____
THE HONORABLE DENISE L. COTE
UNITED STATES DISTRICT JUDGE

2023.11.26